# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MUNEEF ELATEEK, | ) |
| | ) |
| Plaintiff, | ) Case No. 22-cv-1115 |
| | ) |
| v. | ) |
| | ) |
| AUTOZONER, LLC; and | ) JURY TRIAL DEMANDED |
| AUTOZONE STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Muneef Elateek ("Plaintiff" or "Elateek"), by and through his undersigned counsel, Cass T. Casper, DISPARTI LAW GROUP, P.A., states as follows for his complaint against AutoZoner, LLC and AutoZone Stores, Inc. (hereinafter collectively, "Defendants" or "AutoZone") pursuant to 29 U.S.C. § 201, *et seq.*, the Fair Labor Standards Act ("FLSA" or "the Act").

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States.

2. AutoZone is subject to personal jurisdiction in this judicial district as it regularly does business in the State of Illinois through its retail outlets, including the ones at which Plaintiff was employed. At all times relevant to this case, AutoZone was and has been an enterprise engaged in commerce as defined by § 203(s)(1) of the Act.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) as AutoZone is a corporation whose contacts with the State of Illinois as alleged herein are sufficient to establish personal jurisdiction over it in Illinois.

4. Venue is further proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the event and omissions alleged herein that give rise to the claims asserted herein occurred in this judicial district.

## PARTIES

5. AutoZoner, LLC is a corporation conducting business in the Northern District of Illinois. AutoZoner, LLC operates AutoZone stores nationwide, including in this judicial district.

6. AutoZone Stores, Inc. is a corporation conducting business in the Northern District of Illinois, with dozens of auto parts stores conducting business in the Cook County, collar county, and Chicagoland areas of Illinois and within this judicial district.

7. Plaintiff Muneef Elateek currently resides in the State of Illinois and in this judicial district.

8. Plaintiff was previously employed in various job titles for Defendant between in or about 2005 and 2015.

9. Elateek was employed as a Store Manager for Defendants at the Alsip, Illinois location and, later, at Defendants' Lyons, Illinois location.

10. Plaintiff seeks lost overtime pay for the period of in or about February 2011 through 2014 when he worked as a Store Manager for Defendants at the Alsip and Lyons locations and was improperly classified as overtime exempt.

## RELEVANT PROCEDURAL BACKGROUND

11. Plaintiff previously timely filed an opt-in consent form in a collective action suit known as *Carr, et al. v. Autozoners, LLC, et al.*, 15-cv-00356 (N.D. Alabama, 2015) ("*Carr*").

12. In a Memorandum Opinion and Order dated October 20, 2021, the Northern District

of Alabama decertified the putative collective in *Carr*, and ordered the parties to that case to confer upon a procedure to preserve the rights of opt-in plaintiffs.

13. On December 3, 2021, the Honorable Judge Abdul K. Kallon entered an order tolling the statute of limitations for the claims of individuals listed in that order for a period of 90-days after entry of the December 3, 2021 order. A true and correct copy of Judge Kallon's December 3, 2021 order is attached hereto as Exhibit A.

14. Plaintiff was among those listed in Exhibit A who had 90 days following December 3, 2021 to file an individual suit. *See* Exhibit A, p. 7, ¶293.

15. Plaintiff timely files this lawsuit within the 90-day window ordered by Judge Kallon and reflected in Exhibit A hereto.

## **COUNT 1 -- VIOLATION OF THE FAIR LABOR STANDARDS ACT**
(Plaintiff v. Defendants)

16. This action is brought pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* to recover unpaid compensation, and for equitable and injunctive relief, owed to Plaintiff as a former Store Manager of Defendants.

17. During the time period for which such relief is sought, in or about February 2011 through 2014 when Plaintiff ceased being a Store Manager, Defendants maintained a uniform policy and practice of requiring Store Managers, to include Plaintiff, to work over 40 hours per week for a salaried amount without overtime compensation.

18. Despite his exempt designation for overtime purposes, Plaintiff spent the majority of his working time performing non-managerial functions including, but not limited to, arranging merchandising in the store, setting up store displays and planograms, working customer service, working as a cashier and completing sales, assisting customers install parts such as batteries and

3

wiper blades, operating the cash register, cleaning the store, dealing with customer complaints, arranging and organizing the store, counting inventory, and other non-exempt tasks.

19. Plaintiff was at all times as Store Manager paid a specified salary and was never paid overtime compensation, even though he routinely worked over the required 40 hours per week to entitle him to overtime compensation under the Act.

20. The vast majority of Plaintiff's working time was spent on non-exempt tasks performed by non-exempt employees.

21. At all times, Plaintiff was closely monitored, even micromanaged by District Managers, who gave him specific, detailed instructions regarding what tasks to perform.

22. Plaintiff's District Managers would make managerial decisions for the stores at which Plaintiff worked, without Plaintiff being allowed even to input and without Plaintiff having the discretion to decline the District Managers' instructions.

23. AutoZone's computer systems utilized in the stores at which Plaintiff worked in Alsip and Lyons, Illinois were monitored by the District Managers and/or headquarters so that the District Managers and/or other supervisors of Plaintiff could monitor the stores' sales and other activities in real time.

24. At all times relevant, AutoZone has intentionally failed and/or refused to pay Plaintiff overtime as required by the provisions of the Act, despite being fully aware of the requirements of the Act with respect to overtime pay.

25. At no time during 2011 through 2014 did the Defendants make a good faith effort to comply with the FLSA and, indeed, willfully ignored such requirements with respect to Plaintiff who, at all times, Defendants knew was performing a majority of non-exempt work.

26. Plaintiff seeks overtime compensation, an equal amount of liquidated damages, and

reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor, and against Defendants, and prays for the following relief:

A. That Plaintiff be awarded damages in an amount equal to unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to § 216(b) and/or prejudgment interest.

B. That Plaintiff be awarded reasonable attorneys' fees, including the costs and expenses of this action.

C. The Plaintiff be allowed such other legal and equitable relief, including, but not limited to, any injunctive and declaratory relief to which he may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Respectfully submitted,

**MUNEEF ELATEEK**

By:   */s/ Cass T. Casper*
_____
One of his Attorneys

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

*Navarrio Wilkeson, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 336
E: navarrio@dispartilaw.com